**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MICHAEL MCCLINTOCK,** | ) | |
|     **Petitioner** | ) | **Civil Action No. 7:13cv00212** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WARDEN, WALLENS** | ) | |
| **RIDGE STATE PRISON,** | ) | **By:  Norman K. Moon** |
|     **Respondent.** | ) | **United States District Judge** |

Petitioner Michael McClintock, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  McClintock argues that his counsel provided ineffective assistance on three grounds.  The Supreme Court of Virginia rejected all of McClintock's claims, and I find that the state court's adjudication of those claims was not contrary to, or an unreasonable application of, clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts.  I will therefore grant Respondent's motion to dismiss.

**I.**

Following a jury trial, McClintock was convicted of second-degree murder in the Charlotte Circuit Court.  The court imposed the sentence recommended by the jury, 32 years in prison.  McClintock, by counsel, appealed, arguing that the evidence was not sufficient to prove malice and that he was entitled to a mistrial based on a juror's conduct during voir dire.  The Court of Appeals of Virginia denied McClintock's appeal.  McClintock appealed to the Supreme Court of Virginia, which also denied his appeal.

McClintock, proceeding *pro se,* filed a timely petition for habeas corpus in the Charlotte Circuit Court, alleging ineffective assistance of counsel, including claims that his counsel

provided ineffective assistance by failing to (1) investigate McClintock's competency to stand trial; (2) argue that the evidence failed to prove malice; and (3) have the DVD of McClintock's statement to the police enhanced or transcribed, as the audio quality was very poor.  The circuit court dismissed McClintock's habeas petition, finding that his claims failed under *Strickland v. Washington*, 466 U.S. 668 (1984).  McClintock appealed to the Supreme Court of Virginia, which dismissed his petition.[1]  McClintock then filed this § 2254 petition, raising the three claims he made in his state habeas petition as described above.

## II.

McClintock alleges that counsel provided ineffective assistance by failing to (1) investigate McClintock's competency to stand trial; (2) argue that the evidence failed to prove malice at trial; and (3) have the DVD of McClintock's confession transcribed, when the DVD was of very poor quality and difficult to understand.[2]  The Supreme Court of Virginia adjudicated and rejected these claims, finding that they failed under *Strickland*.  I find that the state court's adjudication of these claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts.[3]  Accordingly, I will dismiss these claims.

---

[1] In dismissing McClintock's petition for appeal on habeas review, the Supreme Court of Virginia, in effect, affirmed the disposition of McClintock's claims by the circuit court.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Thomas v. Davis*, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

[2] The respondent concedes that McClintock's claims are exhausted as required by § 2254(b).

[3] In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court.  28 U.S.C. § 2254(b).  When reviewing a claim adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).  A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).  A state court decision unreasonably applies clearly established federal law if the court

2

In order to state a claim for ineffective assistance of counsel, a habeas petitioner must allege that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland*, 466 U.S. at 687.  To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness."  *Id*. at 688. There is a strong presumption that an attorney acts reasonably.  *Id.* at 688–89.  To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's errors, there is a reasonable probability that the outcome of the trial would have been different.  *Id.* at 694.  A "reasonable probability" is one "sufficient to undermine confidence in the outcome."  *Id.*

When evaluating claims of ineffective assistance of counsel, federal habeas relief "may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland*."  *Knowles v. Mirzayance*, 556 U.S. 111, 114 (2009).  "The question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'"  *Id.* at 123 (*quoting Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied the standard."  *Id.*

### A.  Competency to Stand Trial

McClintock claims that counsel provided ineffective assistance in failing to investigate McClintock's competency to stand trial.  McClintock asserts that counsel knew he had mental

---

identifies the correct legal principle, but unreasonably applies it to the facts of the case.  *Id.* at 413.  It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable.  *Id.* at 411.  Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

health problems, an extensive mental health history, and was suicidal.[4]  In adjudicating this claim on habeas review, the state court found that counsel had "no reason to believe that McClintock lacked competency."  The test for competency to stand trial "must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (stating that, for a person to be deemed incompetent to stand trial, "evidence must indicate a present inability to assist counsel or understand the charges.")

McClintock has presented no evidence that shows his counsel had sufficient factual support to move for a mental evaluation.  To the contrary, in a sworn affidavit submitted to the state court, counsel avers that McClintock assisted with trial preparation, including deciding to pursue a jury trial after consultation with counsel, providing a list of witnesses for trial, and deciding to testify at trial.  Upon counsel's review of material regarding McClintock's education and counseling and medical history, counsel determined that McClintock "had low intelligence,

---

[4] In McClintock's response to the motion to dismiss, he states that counsel also knew McClintock was taking medication for bipolar disorder and was drinking alcohol the night of the offense.  McClintock argues that his counsel therefore should have investigated the effects of mixing psychotropic medication and alcohol, and that counsel should have had McClintock examined for sanity at the time of the offense.  McClintock did not argue in his state habeas petition that counsel should have investigated his sanity at the time of the offense in addition to his competency to stand trial.

A federal petitioner challenging a state conviction or sentence generally must exhaust remedies available in the state in which he was convicted before seeking federal habeas relief. 28 U.S.C. § 2254(b).  To properly exhaust state remedies, the petitioner must fairly present the substance of his claims to the state's highest court.  *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  The purpose of this requirement is "to give the State the initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citation and quotation marks omitted).

In any event, even if McClintock failed to exhaust state remedies, this claim lacks merit.  The state habeas court found that counsel's review of McClintock's educational and mental health material led him to determine that, while McClintock had a rage disorder and lack of impulse control, he was not psychotic, and nothing suggested he should be evaluated for competency or sanity at the time of the offense.  *See* Trial Court Order Dismissing Habeas Petition, Aug. 8, 2012.  This adjudication was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.  Therefore, I will dismiss this claim.

but he was not mentally retarded." (Counsel's Aff., p. 1)  It is well established that "'strategic choices made [by counsel] after thorough investigation . . . are virtually unchallengeable.'" *Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2007) (quoting *Strickland*, 446 U.S. at 690–91).

Furthermore, the state court found the trial transcript demonstrated McClintock was competent to stand trial.  Indeed, the trial transcript shows that McClintock affirmed he fully understood the charges against him, had provided his counsel with the names of witnesses, and was ready for trial.  Trial Tr. pp. 23–25.  McClintock also testified in his own defense at trial, and there is no indication that he had difficulty understanding questions or responding appropriately.  *Id*. at 187–224.  Accordingly, McClintock fails to prove either prong under *Strickland* and I find the state court's adjudication of McClintock's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

### B.  Sufficiency of the Evidence to Prove Malice

McClintock claims that counsel provided ineffective assistance by failing to argue that the evidence presented at trial was insufficient to prove malice.  McClintock asserts that, without malice, the evidence was insufficient to prove second degree murder and proved only manslaughter at most.  In support, McClintock argues that he only struck the victim "a few quick times" after gaining control of the weapon.  (Docket 1-1, p. 5).  In adjudicating this claim on habeas review, the state court noted that counsel argued McClintock acted in the heat of passion, which precludes malice, and the court instructed the jury on both malice and heat of passion, informing the jurors that if the evidence failed to prove malice, but did prove the killing occurred while in the heat of passion or mutual combat, then McClintock was guilty of voluntary manslaughter.

On direct appeal, counsel argued that the evidence failed to prove malice.  However, the Court of Appeals of Virginia held that Rule 5A:18 of the Rules of the Supreme Court of Virginia barred the claim because counsel had not made the argument at trial, and declined to apply the ends of justice exception.[5]  As the Court of Appeals summarized in its opinion, the evidence presented at trial, when reviewed in the light most favorable to the Commonwealth, proved as follows:

> From the Commonwealth's evidence of the brutal beating suffered by the victim after [McClintock] disarmed the victim, coupled with [McClintock's] statement to the investigator that he was paying back the victim for stealing from him, the jury could have concluded that appellant acted with malice and not in the heat of passion.

Record No. 1783-10-2, Jan. 27, 2011.  The state habeas court determined that this claim failed under *Strickland* because McClintock did not show a reasonable likelihood of a different outcome in the absence of counsel's alleged error.  McClintock failed to prove any prejudice under *Strickland*, as the evidence was sufficient for a reasonable juror to conclude that he acted with malice.  I find the state court's adjudication of McClintock's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.

## C.  DVD Recording

McClintock claims that counsel provided ineffective assistance by failing to have the DVD recording of his statement to the police transcribed, when the DVD was of "very poor quality" and difficult to hear.  McClintock states that transcribing the DVD would have proven

---

[5] Rule 5A:18 provides:

No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

that "McClintock never said he went there to pay [the victim] back but in fact he said to get his stuff back or to be paid for it so he could get new equipment."  Docket No. 1-1, p. 8.

In adjudicating this claim on habeas review, the state court found that trial counsel had no reason to believe that having the disk transcribed or enhanced would have made a difference in the jurors' ability to hear the statements made.  In his affidavit, counsel indicated that he "could hear the discussion in the DVD clearly enough prior to trial."  (Counsel Aff. p. 3)  Further, when the DVD was played at trial, none of the jurors said they could not hear it properly.

McClintock has not shown that if the video had been transcribed it would have altered the outcome of trial.  McClintock testified at trial that he went to the victim's house to "confront him, get my stuff back."  Trial. Tr. p. 195.  He also testified that he had no intention of getting into a fight with the victim and that he told the investigator that he "went there to get his stuff back."  Trial Tr. pp. 207–208.  Thus, McClintock presented to the jury his account of why he went to the victim's house, and what statements he made to the police investigator, and there is no evidence that enhancement or transcription of the video would have resulted in a different trial outcome.[6]  Accordingly, McClintock has failed to satisfy either *Strickland* prong, and I find the state court's adjudication of McClintock's claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts.  Therefore, I will dismiss this claim.

### III.

For the reasons stated herein, I will grant Respondent's motion to dismiss McClintock's § 2254 petition.

---

[6] Further, the DVD was the best evidence of what McClintock said to the police.  *See United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER:**      This  25th  day of July, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE